1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                    **EASTERN DISTRICT OF CALIFORNIA**
8
9    **TELEDO M. JOHNSON,**                 )        CIV-F-04-6699 AWI SMS
                                            )
10              **Plaintiff,**              )        **ORDER RE: PLAINTIFF'S**
                                            )        **MOTION FOR**
11        **v.**                            )        **RECONSIDERATION**
                                            )
12   **CAROL HOWARD,**                      )
                                            )
13              **Defendant.**              )
     _____   )
14
15
16        This matter is before the court on Plaintiff's motion for reconsideration of the January 21,
17   2005 Order granting dismissal of the suit.
18
19                              **I. History**
20        Teledo M. Johnson ("Plaintiff") is a resident of 121 East Kaviland Avenue in Fresno, CA.
21   Carol Howard is an employee of the U.S. Postal Service.  On November 12, 2004, Plaintiff filed
22   suit against Howard in Fresno County Superior Court, Small Claims Department, seeking
23   damages of $750 because "[Howard] Refused to deliver mail to my home address and we have to
24   pay Mail Box Fees! This has gone one for two years, 2002-2004." Doc. 1, Plaintiff's Claim.
25   Howard removed the suit to federal district court on December 14, 2004 pursuant to 28 U.S.C. §
26   1441, 28 U.S.C. § 1442, 28 U.S.C. § 2679(d), and 39 U.S.C. § 409. Doc. 1, Notice of Removal.
27   On December 17, 2004, the United States of America ("USA") made a motion to dismiss. Doc.
28   5.  Relying on the Federal Tort Claims Act ("FTCA"), the United States of America sought to

1  substitute itself as the defendant in the case and dismiss the action for lack of subject matter

2  jurisdiction based on sovereign immunity and Plaintiff's failure to pursue an administrative tort

3  claim. See Doc. 6.  Oral argument was held at 1:30 PM on Tuesday, January 18, 2005.  Plaintiff

4  neither filed an opposition nor appeared in person to oppose the motion.  On January 21, 2005,

5  the court granted USA's motion in full on the basis that (1) substitution of parties was proper; (2)

6  USA had not waived sovereign immunity in this matter; and (3) even if sovereign immunity were

7  waived, Plaintiff failed to file an administrative tort claim which is required before Plaintiff can

8  bring suit in federal court under the FTCA. Doc. 10.

9      Plaintiff, appearing pro se, filed a request for reconsideration on February 22, 2005,

10  claiming that she  was not given proper notice of the hearing. Doc. 12.  USA filed an opposition

11  on March 2, 2005. Doc. 13.

12

13                                          **II. Legal Standards**

14      Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

15  district court.  The Rule permits a district court to relieve a party from a final order or judgment

16  on grounds of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

17  evidence which by due diligence could not have been discovered in time to move for a new trial

18  under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),

19  misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the

20  judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based

21  has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have

22  prospective application; or (6) any other reason justifying relief from the operation of the

23  judgment."  Motions to reconsider are committed to the discretion of the trial court. Combs v.

24  Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460

25  (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly

26  convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water

27  Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part

28  on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988).  The Ninth

1  Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the

2  preceding clauses.'" <u>LaFarge Conseils et Etudes, S.A. v. Kaiser Cement</u>, 791 F.2d 1334, 1338

3  (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)).

4  Accordingly, "the clause is reserved for 'extraordinary circumstances.'" <u>LaFarge Conseils et</u>

5  <u>Etudes, S.A. v. Kaiser Cement</u>, 791 F.2d 1334, 1338 (9th Cir. 1986).

6

7                                          **III. Discussion**

8          Plaintiff claimed that she was never informed about the hearing of January 18, 2005 and

9  consequently did not have the chance to argue her case. Doc. 12, Motion for Reconsideration, at

10  1.   In her original filing in Superior Court, Plaintiff's mailing address was listed as "Post Office

11  Box 12567; Fresno, California 93778." Doc. 1, Plaintiff's Claim.  According to the records of the

12  District Court, Plaintiff's address is listed as "121 East Kaviland Avenue; Fresno, California

13  93706" (which is the address at which Plaintiff alleges she can not receive mail, forming the

14  basis of this suit).  It appears that there was a mix up concerning Plaintiff's address when the case

15  was transferred to this court.  However, USA claims that Plaintiff did in fact receive notice of the

16  January 18, 2005 hearing as "On December 17, 2004, the United States provided Plaintiff with

17  timely notice of its motion to dismiss. The notice of motion, as well as all the moving papers,

18  were served on Plaintiff by mail to Plaintiff's new mailing address: P.O. Box 12567, Fresno,

19  California 93778. The notice identified the January 18, 2005, hearing date and explained in detail

20  Plaintiff's deadline to file an opposition and the requirements to do so." Doc. 13, Gaab

21  Declaration.  Review of the relevant documents shows that USA did in fact, effect service by

22  mail to Plaintiff's P.O. Box and not her street address. Docs. 5-8.

23          Plaintiff has not raised a valid basis for reconsideration under Fed. R. Civ. Proc. 60(b).

24  Even were the decision to be reconsidered, Plaintiff fails to address the legal bars to suit specified

25  in the Order of January 21, 2005.  Plaintiff does provide a series of correspondences between

26  herself and employees of the U.S. Postal Service dealing with the problem of mail delivery.

27  However, nothing in these letters affects the legal analysis concerning sovereign immunity and

28  the FTCA.

**IV. Conclusion**

Plaintiff's request for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:    **April 21, 2005**                            _____**/s/ Anthony W. Ishii**_____
0m8i78                                          UNITED STATES DISTRICT JUDGE

4